# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA E. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-02144 JAR |
| | ) | |
| SUGARTREE HOMES ASSOCIATION OF ST. LOUIS COUNTY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed her petition for damages against three separate defendants – Sugartree Homes Association of St. Louis County; UAH, LLC; and Samuel O. Heiman – in St. Louis County Circuit Court on November 13, 2018. (Doc. No. 6). Seven months later, on June 25, 2019, Plaintiff obtained service on Sugartree Homes; UAH and Heiman were not served. Sugartree removed the case to this Court on July 25, 2019. (Doc. No. 1). This case has been pending in this Court for four months, and UAH and Heiman have still not been served.

On November 4, 2019, this Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice as to UAH and Heiman for lack of timely service. (Doc. No. 12). In her response to the Court's Order to Show Cause (Doc. No. 13), Plaintiff asserts that she tried to serve Heiman through the St. Louis County Sheriff's Office but that the Sheriff was told that Heiman no longer owns Carmel Group, a property management company. Plaintiff further asserts that when she sought to have Heiman served at his home address, she was informed that

1

her case had been removed to this Court and that the St. Louis County Sheriff's Office could not serve process. Plaintiff does not address attempts to serve UAH.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The same 90-day period applies where suits are removed to federal court from state court, except that the period starts to run on the date of removal. See Fed. R. Civ. P. 81(c)(1); Cardenas v. City of Chicago, 646 F.3d 1001, 1004 (7th Cir. 2011). This case was removed on July 25, 2019. Thus, UAH and Heiman needed to be served by October 23, 2019. See 28 U.S.C. § 1448. The Court will grant Plaintiff an additional thirty (30) days to effect service on these defendants. If Plaintiff fails to effect service within this time period, the Court will dismiss her claims against these defendants. Fed. R. Civ. P. 4(m).

Plaintiff has also moved for appointment of counsel. (Doc. No. 14). There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented nonfrivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After review of the record in this matter, the Court declines to appoint counsel for Plaintiff at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and Plaintiff appears able to clearly present and investigate her claims. She has filed an articulate and readily

understandable complaint which indicates that she is capable of clear expression and appropriate organization of content. Further, Plaintiff's request for counsel is premature, as not all defendants have been served and no case management order has been issued. Plaintiff's motion for appointment of counsel will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that within thirty (30) days from the date of this Order, and **no later than Monday, December 23, 2019**, Plaintiff shall effect service on UAH, LLC and Samuel O. Heiman. Failure to do so will result in dismissal of her claims against these defendants without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [14] is **DENIED** without prejudice.

Dated this 22nd day of November, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**