UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA E. JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-02144 JAR |
| ) | |
| SUGARTREE HOMES ASSOCIATION OF ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants UAH, LLC and Samuel O. Heiman's Rule 12 Motion to Dismiss. (Doc. No. 22). Plaintiff filed a response (Doc. No. 26) and Defendants replied (Doc. No. 28). The matter is, therefore, fully briefed and ready for disposition.[1]

**Background**

On November 13, 2018, Plaintiff Cynthia Jordan ("Plaintiff"), proceeding *pro se*, filed a petition against Sugartree Homes Association of St. Louis County ("Sugartree Homes"), UAH, LLC ("UAH"), and Samuel O. Heiman ("Heiman"), in the Circuit Court of St. Louis County,

---

[1] On March 20 2020, Plaintiff filed a surreply. (Doc. No. 29). Pursuant to Local Rule 4.01, three briefs are allowable for a motion: a supporting brief, an opposition brief, and a reply brief. "Additional memoranda may be filed by either party only with leave of Court." E.D. Mo. L.R. 4.01(C). Although Plaintiff did not seek permission before filing her surreply, the Court will permit its filing. On March 23, 2020, Plaintiff supplemented her surreply with copies of the parties' Operating Agreement dated September 26, 2012 and her Note, Deed of Trust and Condominium Rider dated June 1, 2016. (Doc. No. 30). When considering a motion to dismiss, the Court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record. See In re K-tel Int'l, Inc. Sec. Litig*.*, 300 F.3d 881, 889 (8th Cir. 2002).

1
1

Missouri, alleging violations of, *inter alia*, the Fair Housing Act, 42 U.S.C. § 3604 (a), (b), and (f), and § 3605. See Cynthia Jordan v. UAH, LLC, et al., No. 18SL-CC04295 (21st Jud. Cir. 2018). (Doc. No. 6). Sugartree Homes removed the action to this Court on July 25, 2019 based on federal question jurisdiction and filed its answer to Plaintiff's petition. (Doc. Nos. 1, 5). UAH and Heiman were served on December 18, 2019. (Doc. Nos. 18, 19). On January 8, 2020, UAH and Heiman (collectively "Defendants") moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 11).

Plaintiff alleges that on September 26, 2012, she and her mother, Earlene Jordan, entered into an operating agreement with Defendants for a homeowner program to purchase the property owned by UAH at 11149 Whispering Oaks, St. Louis, Missouri 63136 ("the Property"). (Petition ("Pet."), Doc. No. 6 at ¶¶ 8-9). Under the terms of the operating agreement, Defendants would transfer ownership of the Property to Plaintiff and her mother in exchange for making 108 monthly payments of $800. (Id. at ¶¶ 11-12). Plaintiff and her mother made the monthly payments until her mother died in January 2013. (Id. at ¶ 13). Thereafter, Plaintiff continued to make the monthly payments until she lost her job in January 2014. (Id. at ¶ 14). Struggling to meet her monthly payments and unable to renegotiate the terms of the operating agreement with Defendants, Plaintiff filed for bankruptcy, which was discharged in September 2015. (Id. at ¶¶ 15-20).

On November 23, 2015, Defendants filed an action against Plaintiff in the Circuit Court of St. Louis County, Missouri for breach of contract, unlawful detainer, unjust enrichment/quantum meruit, and declaratory judgment. See UAH, LLC v. Cynthia Jordan, No. 15SL-AC29524 (21st Jud. Cir. 2015) ("the 2015 lawsuit"). On Plaintiff's motion, the matter

2

was referred to arbitration. (Pet. at ¶ 23-25). On March 14, 2016, the parties entered into a Mediated Settlement Agreement ("MSA")[2] which provided that Plaintiff would either arrange for financing to purchase the Property or vacate it by June 30, 2016. (Id. at ¶¶ 26-27). Plaintiff agreed to sign a consent judgment for Defendants' counsel to hold and file under the following conditions: a) if "no financing by June 30, 2016 of $55,000 or lesser amount if agreed to by parties" is arranged; b) if "no sale [occurred] as laid out in [paragraph] 3"; and c) if there is "missed payment as laid out in [paragraph] 5." (Id. at ¶ 28). Paragraph 3 of the MSA provided that "[i]f financing is approved, the parties have 30 days to finalize the sale. Parties will agree to use good faith efforts to [f]inalize the sale within 30 days at the agreed upon amount." (Id. at ¶ 29). Paragraph 5 of the MSA provided that "[p]ayment of $650 due to [ ] Heiman no later than 5th of month for April, May & June." (Id. at ¶ 30).

Following mediation, the parties agreed to modify the MSA with additional terms as follows:

> "This Judgment may be filed no earlier than August 9, 2016 if and only if [Heiman and UAH] received an offer from Nationwide Secured Capital for the Premises that equals or exceeds $55,000.00 by August 8, 2016."
>
> If [Heiman and UAH] receive "a timely and adequate offer from Nationwide Secured Capital, as outlined above, [Heiman and UAH] may elect to file this Judgment no earlier than August 29, 2016 if and only if [they have] not closed on an offer from Nationwide Secured Capital by that date."

(Id. at ¶¶ 31-34).

---

[2] Although referenced as Exhibit 1 to Plaintiff's petition, the MSA has not been provided.

3

Plaintiff alleges that in reliance on the MSA, she exercised her right to arrange for financing to purchase the Property through Nationwide Secured Capital. (Id. at ¶ 36). She further alleges that Defendants failed to act in good faith to finalize the sale by failing to communicate with Plaintiff to discuss any alternative amount or provide her with the opportunity to correct any deficiency if the offer received was lower than the agreed amount. (Id. at ¶¶ 40-48). Plaintiff states she had no option other than to relinquish possession of the Property. (Id. at ¶ 49).

Plaintiff asserts claims against UAH and Heiman for breach of contract (Count I); abuse of process (Count II); and intentional infliction of emotional distress (Count III); and claims for violation of the Fair Housing Act (Count IV) and fraud (Count V) against UAH, Heiman, and Sugartree Homes. UAH and Heiman move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction on the grounds that Plaintiff's claims are subject to arbitration as well as for failure to state a claim.

**Legal standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court notes that Plaintiff is a pro se litigant, and as such her pleadings are held " 'to less stringent standards than formal pleadings drafted by lawyers.' " Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, Plaintiff must still allege

4

sufficient facts to support the claims advanced. Stringer v. St. James R–1 Sch. Dist._, 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

The standard applied to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). Z.A. ex rel. R.C. v. Oswald, No. 4:08-CV-643 CAS, 2008 WL 4372736, at *2 (E.D. Mo. Sept. 22, 2008) (citing Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993)).

**Discussion**

In support of their motion, Defendants argue that Plaintiff's claims are a collateral attack on the consent judgment entered in the 2015 lawsuit and that to the extent any of Plaintiff's claims are new, novel, or properly raised, arbitration or mediation should be compelled as to those specific claims. Defendants also argue that Plaintiff's claim under the Fair Housing Act are barred by the Act's two-year statute of limitations and that to the extent the filing of a HUD complaint would toll the statute of limitations, Plaintiff should show that a HUD complaint was actually filed.

Citing Hooper v. Advance Am., Cash Advance Centers of Missouri, Inc., 589 F.3d 917, 920 (8th Cir. 2009), Plaintiff responds that "due to the motion filed by [Defendants] arguing the merits of this case waived any arbitration/mediation request." In further response, Plaintiff argues that her Fair Housing Act claim is not time barred "due to the tolling of statute of limitations" while her complaint was pending with HUD.

Defendants reply that a party does not waive its right to arbitrate merely by filing a motion to dismiss and that courts should consider the totality of the circumstances in making a

5

waiver determination. For example, where a complaint asserts a mix of arbitrable and nonarbitrable claims, "the portions of the motion [to dismiss] addressed to nonarbitrable claims do not constitute a waiver." Sweater Bee by Banff, Ltd. v. Manhattan Indus., 754 F.2d 457, 463 (2d Cir. 1985).

With respect to Defendants' argument that Plaintiff's claims amount to an impermissible attempt to set aside the 2015 consent judgment, the Court disagrees. Plaintiff alleges injuries caused by, *inter alia*, breach of contract and related torts which does not require the Court to overturn the state court's judgment. In other words, it is possible for Plaintiff to prove that Defendants acted unlawfully in enforcing the consent judgment without a determination that the judgment itself is invalid. Defendants' motion to dismiss will be denied on this basis.

As for Plaintiff's claim for violations of the Fair Housing Act, a court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations only if it clear from the face of the complaint that the cause of action is time barred. Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018); Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011). Here, however, it is not clear that Plaintiff's claims are barred by the Act's two-year statute of limitations. Plaintiff alleges she filed a complaint of housing discrimination with HUD in December 2016, "which tolled her rights and provide[d] her with a remedy to now bring this claim against the Defendants." (Pet. at ¶ 103). Drawing the inferences from the complaint in Plaintiff's favor, there is no basis for applying the statute of limitations at this stage of the proceedings. Defendants' motion will be denied on this basis.

Turning to the issue of arbitration and waiver, "[n]ot every motion to dismiss is inconsistent with the right to arbitration." Hooper, 589 F.3d at 922 (collecting cases). For

6

example, the Eighth Circuit has held that a motion to dismiss raising "jurisdictional and quasi-jurisdictional grounds" but seeking "no action with respect to the merits of the case" is not inconsistent with later seeking arbitration. Dumont v. Sask. Gov't Ins., 258 F.3d 880, 886–87 (8th Cir. 2001). On the other hand, a motion to dismiss that seeks "a decision on the merits" and "an immediate and total victory in the parties' dispute" is entirely inconsistent with later requesting that those same merits questions be resolved in arbitration. Id.

The Eighth Circuit applies a three-part test to determine whether a party has waived its right to arbitration. Waiver is found when the party "(1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions." Id. at 917, 920. In Hooper, the case relied upon by Plaintiff, the court held that a payday lender waived its right to arbitration contained in loan agreements when it filed and pursued a motion to dismiss the borrowers' putative class action challenging the legality of their payday loans. A number of factors led to this result. The lender knew of its right to arbitration when it filed its motion to dismiss, given that it had drafted the arbitration clauses and discussed them in its motion to dismiss. In addition, the motion was "extensive and exhaustive" and sought a final decision on the merits of the borrowers' claims. Finally, the borrowers suffered prejudice from the lender's having acted inconsistently with its right to arbitrate in moving to dismiss, given that the lender forced the borrowers to litigate substantial issues on the merits and that compelling arbitration would require a duplication of effort.

Considering the totality of the circumstances in the present case, the Court finds there has been no waiver of a right to arbitration. There is no question Defendants knew of their arbitration rights as set forth in the operating agreement and acted consistently with those rights. This is not

7

a case where "a party actively litigates a case for an extended period only to belatedly assert that the dispute should have been arbitrated, not litigated, in the first place." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 728 F.3d 853, 865 (8th Cir. 2013) (citing Nino v. Jewelry Exch., Inc., 609 F.3d 191, 209 (3d Cir. 2010)). Defendants did not file the lawsuit, and some defendants were not even served or in the case when it was removed to this Court. Other than entering an appearance, Defendants have filed no further motions or undertaken any discovery. Moreover, Plaintiff cannot demonstrate prejudice. A party is prejudiced when the "parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1093 (8th Cir. 2007). This case is in its early stages and no scheduling order has been entered.

For these reasons, the Court will compel arbitration and stay this case until the parties complete arbitration as called for in the Operating Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants UAH, LLC and Samuel O. Heiman's Rule 12 Motion to Dismiss [22] is **GRANTED** in part to the extent it requests this Court compel arbitration. In all other respects, Defendants' motion is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** and the Court shall retain jurisdiction pending arbitration of Plaintiff's claims. In order for the Court to be assured that arbitration is progressing, the parties shall file a report with the Court on the status of the arbitration every sixty (60) days, with the first report due on **Monday, August 3, 2020**.

**IT IS FURTHER ORDERED** that the parties shall file a notice to the Court within ten (10) days of the conclusion of arbitration.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this case.

Dated this 3rd day of June, 2020.

*John A. Ross*
_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

9