# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-02144 JAR |
| ) | |
| SUGARTREE HOMES ASSOCIATION OF ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In light of Plaintiff's status update advising the Court that she has paid the arbitration filing fee (Doc. No. 58), the Court will deny Defendants' motions to dismiss for failure to prosecute (Doc. No. 53, 54) and direct the parties to proceed in arbitration and file a status report with the Court every ninety (90) days.

Plaintiff has also moved for appointment of counsel. (Doc. No. 57). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present her claim. Id. After considering these factors, the Court finds that the appointment of counsel is not warranted. This case is neither factually nor legally complex, and Plaintiff has demonstrated her ability to clearly present and investigate her claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss for failure to prosecute [53, 54] are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [57] is **DENIED**.

**IT IS FINALLY ORDERED** that the parties shall file a report with the Court on the status of the arbitration every ninety (90) days, with the first report due on **Monday, May 30, 2022.**

Dated this 28th day of February, 2022.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**