# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-02144 JAR |
| ) | |
| SUGARTREE HOMES ASSOCIATION OF ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants UAH, LLC and Samuel O. Heiman's Motion for Attorney's Fees. (Doc. No. 72). Defendants contend Plaintiff knew their Operating Agreement contained a binding arbitration provision yet wrongfully filed this action, failed to prevail in any matter, and caused Defendants to incur defense costs. Defendants seek fees in the amount of $2,580.00, representing 8.6 hours of attorney time at an hourly rate of $300.00. In opposition to the motion, Plaintiff argues, *inter alia*, that fees were not awarded to Defendants in arbitration. (Doc. No. 73). Upon consideration, Defendants' motion will be denied.

Whether a dispute is covered by an arbitration provision is a question of law for courts and determined from the contract entered into by the parties. Parties often commence an action despite the existence of an arbitration provision. This does not automatically render the lawsuit frivolous. Furthermore, given that the Arbitration Order and Judgment explicitly denied Defendants' motion for attorney's fees (Doc. No. 71-1), the Court cannot discern a basis for an award of fees to Defendants. Lastly, the Court finds that an award of attorney's fees would be inequitable under the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants UAH, LLC and Samuel O. Heiman's Motion for Attorney's Fees [72] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall finally close this case.

Dated this 20th day of December, 2022.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**